1  ADLESON, HESS & KELLY
   a Professional Corporation
2  Patric J. Kelly, Bar No. 71461
   Duane W. Shewaga, Bar No. 116837
3  577 Salmar Avenue, Second Floor
   Campbell, California 95008
4  Telephone: (408) 341-0234
   Facsimile: (408) 341-0250
5
6  Attorneys for Defendants Named Below

7

8              UNITED STATES BANKRUPTCY COURT

9              NORTHERN DISTRICT OF CALIOFRNIA

10                   (Oakland Division)

11

12 In re:                          Case No.:    05-49398
                                   Chapter:     7 (converted from 11)
13 Action Development, LLC          Judge:       Hon Leslie J. Tchaikovsky
   02-0549448
14 _____  Adversary No:

15 MICHAEL GRAY, an individual and ACTION
   DEVELOPMENT, LLC,, a California limited   Alameda County Superior
16 liability company.                        Court Number: RG06279023

17          Plaintiff,

18       v.

19 SCRIPPS INVESTMENTS & LOANS, INC., a
   California corporation, et al.,
20
21          Defendants.
   _____

22        **NOTICE OF REMOVAL TO FEDERAL BANKRUPTCY COURT**

23     **[Pursuant To 28 U.S.C. §§ 1441 & 1452(a), and U.S. Bankruptcy Rule 9027]**

24 **TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

25       PLEASE TAKE NOTICE DEFENDANTS SCRIPPS INVESTMENTS & LOANS, INC., a

26 California corporation, FORECLOSURE CONSULTANT, INC., a California corporation,

27 THOMAS C. ADAMSON, III, Trustee of The Sharp Rees-Stealy Money Purchase Pension

28 Plan, FBO Thomas C. Adamson, III, INDEPENDENT RETURN FUND, LP, a Delaware

ADLESON, HESS &
KELLY, APC
577 SALMAR AVE., 2D FL.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250
WWW.AHK-LAW.COM
©ADLESON, HESS &
KELLY, APC-2003

1  Limited partnership, CAROL BARRAD, Trustee of the Carol Barrad 1999 Trust dated April
2  16, 1999, VICTORIA E. BIE, an individual, MARK BONHAM, an individual, SANDRA L.
3  BONHAM, an individual, CRAIG W. BRATLIEN and WINNIE BRATLIEN, Co-Trustees of The
4  Craig W. Bratlien and Winnie Bratlien Family Trust, FIRST REGIONAL BANK as Custodian
5  FBO Eric P. Daniels, IRA, MARC R. DUGGAN, as Trustee of The MRD Trust UTA dated
6  October 11, 2001, ARTHUR E. ELDRIDGE, an individual, GAIL S. ELDRIDGE, an individual,
7  FIRST REGIONAL BANK as Custodian FBO Carla Gerstein IRA, KAREN GREENBERG, an
8  individual, LAUREN HAGGERTY, an individual, ARTHUR HOFFMAN, an individual, JODY
9  HOFFMAN, an individual, JERRY E. JAGEMAN, an individual, NORBERT KAUFMAN, as
10 Trustee of The Norbert Kaufman Family Trust UDT dated October 6, 1992, GARY L,
11 KRAMER, as Custodian for Seth M. Kramer, FIRST REGIONAL BANK as Custodian FBO
12 Victor B. Kramer IRA, KAREL M. KRAMER, an individual, FISERVISS & CO., Trustee, as
13 Custodian RBO Faith J. Kramer IRA, FISERVISS & CO., Trustee, as Custodian FBO Gary L.
14 Kramer KEOGH, JEREMY KRAVETZ, an individual, FIRST REGIONAL BANK as Custodian
15 FBO Shel Kulick IRA, FIRST REGIONAL BANK as Custodian FBO Henry Mason IRA, JOHN
16 L. MAY and MARISA MAY, as Co-Trustees of The May Family Trust dated December 11,
17 2000, CINDY MORT as Trustee of The Cindy Mort Separate Property Trust, LOUIS NAVIAS,
18 an individual, ARLENE NAVIAS, an individual, BOB NELSON, as Trustee of The Bob Nelson
19 Associates, Inc. Retirement Trust, FIRST REGIONAL BANK, Custodian FBO Karen Nyman
20 SEP-IRA, MARION OBERNDORFER, as Trustee of The Marion Oberndorfer Revocable
21 Trust, UDT dated December 30, 1986, LESTER C. PERSSON and VIRGINIA F. PERSSON
22 as Trustees UDT dated 12-04-89, FIRST REGIONAL BANK, as Custodian FBO Robert
23 Robertson IRA, MANOOCHEHR ROOHANIPUR and DOREEN RENEE ROOHANIPUR as
24 General Partners of The Roohanipur Family Limited Partnership, MANOOCHEHR
25 ROOHANIPUR as Trustee of The M. Roohanipur, MD Pension Trust, JOE RUDERMAN, an
26 individual, NAOMI RUDERMAN, an individual, EARL M. SAGEN and BARBARA J. SAGEN,
27 as Trustees of The Sagen Family Trust UDT dated March 30, 1987, FIRST REGIONAL
28 BANK, Custodian FBO Earl M. Sagen IRA, FREDERICK D. SALZER and SHIRLEY A.

ADLESON, HESS &
KELLY, APC
577 SALMAR AVE., 2D FL.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250
WWW.AHK-LAW.COM
© ADLESON, HESS &
KELLY, APC-2003

SALZER, as Trustees of The Salzer Family Trust Dated March 26, 1987, NORMAN A. SIDLEY, an individual, MICHAEL R. STONE, an individual, KAREN M. STONE, an individual, FIRST REGAIONAL BANK, as Custodian FBO Chris Sunderland SEP-IRA, SANFORD T. TRAVES and DEBORAH TRAVES, as Trustees of The Traves Revocable Family Trust dated July 23, 1997, RANDE H. TURNER and MARGARET L. TURNER, as Co-Trustees of The Rande and Margo Turner Trust UDT dated March 21, 1997, RICHARD HAROLD TURNER, an individual, RHEBA J. TURNER, an individual, ALAN L. VOGEL, as Trustee of The Alan L. Vogel Revocable Trust dated February 3, 1997, LORNA WHITE, an individual, ZAGARA CARLSBAD, LLC, a California Limited Liability Company ("Scripps"), hereby remove to this Court the state court action described below.

1.     Action Development, LLC, the debtor, and one of the plaintiffs in the State Court Action filed a voluntary petition under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of California on December 9, 2005, case number 05-49398. The case was assigned to the Hon. Leslie J. Tchaikovsky, United States Bankruptcy Judge.

2.     On July 13, 2006 an action was commenced in the Superior Court of California for the County of Alameda, Case No. RG06279023 and entitled *Michael Gray and Action Development, LLC v. Scripps Investment & Loans, Inc., et al,* copies of which are annexed hereto. No further proceedings have been had in such case.

3.     The action described in the foregoing paragraph is a civil action of which this court has jurisdiction under the provisions of 28 U.S.C. § 1334(b). Action Development, LLC, a plaintiff in that suit, is the debtor of the captioned case under Title 11 of the United States Code. In the state court suit the plaintiff seeks to set aside a trustee's sale alleging defendants violated an intended stay order of the Bankruptcy Court in plaintiff Action Development's Bankruptcy case. The action is one which may be removed to this Court pursuant to 28 U.S.C. § 1452.

4.     The action is a core proceeding under 28 U.S.C. section 157(b) inasmuch as it involves interpretation of actions taken in the United States Bankruptcy Court, and the

ADELSON, HESS &
KELLY, APC
577 SALMAR AVE., 2D FL.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250
WWW.AHK-LAW.COM
© ADELSON, HESS &
KELLY, APC-2003

1   Bankruptcy Court has exclusive jurisdiction over this matter.

2       5.      All process and pleadings received by defendants is attached hereto as Exhibit

3   A.

4   DATED:        August 14, 2006

                                                    Adleson, Hess & Kelly,
5                                                   A Professional Corporation

6
                                                    By:     _Duane W. Shewaga_
7                                                           Duane W. Shewaga, Esq.
                                                            Attorneys for Defendant
8                                                           Scripps Investments & Loans, Inc.,
                                                            a California corporation
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ADLESON, HESS &
KELLY, APC
577 SALMAR AVE., 2D FL.
CAMPBELL, CA 95008
(408) 341-0234
FAX (408) 341-0250
WWW.AHK-LAW.COM
© ADLESON, HESS &
KELLY, APC-2003

ENDORSED
FILED
ALAMEDA COUNTY

JUL 13 2006

BY DOROTHY BUCKLEY, DEPUTY

1 | **CYNTHIA L. COX, Bar No. 168112**
Attorney at Law
2 | 1212 Broadway, Suite 1400
Oakland, California 94612

3

Telephone:  (510) 251-8300
4 | Facsimile:   (510) 836-5523

5 | Attorney for Plaintiff MICHAEL GRAY

6

7 | SUPERIOR COURT OF CALIFORNIA

COUNTY OF ALAMEDA

8

MICHAEL GRAY, an individual and
9 | ACTION DEVELOPMENT, LLC., a
California limited liability company,

10

11 |     Plaintiffs,

12 | vs.

13 | SCRIPPS INVESTMENTS & LOANS,
INC., a California corporation, FORECLOSURE
14 | CONSULTANT, INC., a California Corporation,
THOMAS C. ADAMSON, III, Trustee
15 | of The Sharp Rees-Stealy Money Purchase
Pension Plan, FBO Thomas C. Adamson, III,
16 | INDEPENDENT RETURN FUND, LP, a
Delaware Limited partnership, CAROL BARRAD,
17 | Trustee of The Carol Barrad 1999 Trust dated
April 16, 1999, VICTORIA E. BIE, an individual,
18 | MARK BONHAM, an individual, SANDRA L.
BONHAM, an individual, CRAIG W. BRATLIEN
19 | and WINNIE BRATLIEN, Co-Trustees of The
Craig W. Bratlien and Winnie Bratlien Family
20 | Trust, FIRST REGIONAL BANK as Custodian
FBO Eric P. Daniels IRA, MARC R. DUGGAN,
21 | as Trustee of The MRD Trust UTA dated October
11, 2001, ARTHUR E. ELDRIDGE, an individual,
22 | GAIL S. ELDRIDGE, an individual, FIRST
REGIONAL BANK as Custodian FBO Carla Gerstein
23 | IRA, KAREN GREENBERG, an individual, LAUREN
HAGGERTY, an individual, ARTHUR HOFFMAN, an
24 | individual, JODY HOFFMAN, an individual, JERRY
E. JAGEMAN, an individual, NORBERT KAUFMAN,
25 | as Trustee of The Norbert Kaufman Family Trust UDT
dated October 6, 1992, GARY L. KRAMER, as
26 | Custodian for Seth M. Kramer, FIRST REGIONAL
BANK as Custodian FBO Victor B. Kramer IRA,
27 | KAREL M. KRAMER, an individual, FISERV ISS
& CO., Trustee, as Custodian FBO Faith J. Kramer IRA,

28

Case No. **RG 06 2 7 9 0 2 3**

**COMPLAINT TO SET ASIDE
TRUSTEE'S SALE**

1 | FISERV ISS & CO., Trustee, as Custodian FBO Gary L.
Kramer KEOGH, JEREMY KRAVETZ, an individual,
2 | FIRST REGIONAL BANK as Custodian FBO Shel Kulick
IRA, FIRST REGIONAL BANK as Custodian FBO Henry
3 | Mason IRA, JOHN L. MAY and MARISA MAY, as
Co-Trustees of The May Family Trust dated December
4 | 11, 2000, CINDY MORT as Trustee of The Cindy Mort
Separate Property Trust, LOUIS NAVIAS, an individual,
5 | ARLENE NAVIAS, an individual, BOB NELSON, as
Trustee of The Bob Nelson Associates, Inc. Retirement
6 | Trust, FIRST REGIONAL BANK, Custodian FBO Karen
Nyman SEP-IRA, MARION OBERNDORFER, as Trustee
7 | of The Marion Oberndorfer Revocable Trust, UDT dated
December 30, 1986, LESTER C. PERSSON and VIRGINIA
8 | F. PERSSON as Trustees UDT dated 12-04-89, FIRST
REGIONAL BANK, as Custodian FBO Robert Robertson
9 | IRA, MANOOCHEHR ROOHANIPUR and DOREEN
RENEE ROOHANIPUR as General Partners of The
10 | Roohanipur Family Limited Partnership, MANOOCHEHR
ROOHANIPUR as Trustee of The M. Roohanipur, MD
11 | Pension Trust, JOE RUDERMAN, an individual, NAOMI
RUDERMAN, an individual, EARL M. SAGEN and
12 | BARBARA J. SAGEN, as Trustees of The Sagen Family
Trust UDT dated March 30, 1987, FIRST REGIONAL
13 | BANK, Custodian FBO Earl M. Sagen IRA, FREDERICK
D. SALZER and SHIRLEY A. SALZER, as Trustees of
14 | The Salzer Family Trust Dated March 26, 1987, NORMAN
A. SIDLEY, an individual, MICHAEL R. STONE, an
15 | individual, KAREN M. STONE, an individual, FIRST
REGIONAL BANK, as Custodian FBO Chris Sunderland
16 | SEP-IRA, SANFORD T. TRAVES and DEBORAH TRAVES,
as Trustees of The Traves Revocable Family Trust dated July
17 | 23, 1997, RANDE H. TURNER and MARGARET L.
TURNER, as Co-Trustees of The Rande and Margo Turner
18 | Trust UDT dated March 21, 1997, RICHARD HAROLD
TURNER, an individual, RHEBA J. TURNER, an individual,
19 | ALAN L. VOGEL, as Trustee of The Alan L. Vogel Revocable
Trust dated February 3, 1997, LORNA WHITE, an individual,
20 | ZAGARA CARLSBAD, LLC, a California Limited Liability
Company, and DOES 1 through 50, inclusive,
21 |
        Defendants.
22 | _____/

23 | PLAINTIFFS ALLEGE:

24 |                    FIRST CAUSE OF ACTION
                          [To set aside sale]
25 |
      1.    Plaintiff, Michael Gray, is now, and at all times mentioned in this complaint was, an
26 |
           interested party by virtue of being the sole member and manager of Action
27 |
           Development, LLC, and personal guarantor by virtue of promissory note ("Promissory
28 |

1     Note") and forbearance agreements ("Forbearance Agreements) pertaining to certain real

2     property situated in Alameda County, California. Such real property is described as

3     follows: Real property commonly known as 601 MacArthur Boulevard, Oakland,

4     Alameda County, California, more particularly described as follows: "Lots 5, 6 and 7,

5     Block 1, Lakemont, in the City of Oakland, County of Alameda, State of California,

6     filed September 14, 1920 in Map Book 6, Page 44 of Alameda County Records.

7     Assessor's Parcel Numbers: 023-0427-001, 023-0427-002, and 023-0427-008-03."

8     Michael Gray is a resident of Alameda County.

9  2. Plaintiff, Action Development, LLC ("Action") is now, and at all times mentioned

10    herein, is a California limited liability company with a principal place of business in

11    Alameda County. Action is also a chapter 7 entity, which filed a voluntary petition

12    seeking relief under chapter 11 of the Bankruptcy Code on December 9, 2005. The case

13    was converted subsequently to a chapter 7 proceeding after relief from stay was granted

14    on the single asset in the bankruptcy, the real property described in paragraph 1. The

15    responsible party for the debtor appeared at the meeting of creditors, at which time, the

16    trustee determined that this case was a no-asset chapter 7. The trustee, Lois Brady, has

17    been notified regarding this proceeding.

18 3. Defendants, SCRIPPS INVESTMENTS & LOANS, INC., a California corporation,

19    (hereinafter "Scripps"), claim to be the owners, by virtue of a trustee's deed received

20    from defendant Foreclosure Consultants, Inc. to the real property described in paragraph

21    1. Scripps is a corporation duly organized and existing under and by virtue of the laws

22    of the United States of America, and is duly licensed to conduct business in the State of

23    California. Scripps' principal place of business is located at 484 Prospect Street, La

24    Jolla, California 92037.

25 4. Defendant Foreclosure Consultants, Inc. (hereinafter "FCI") is a California corporation

26    authorized to engage in, and at all times mentioned in this complaint engaged in, holding

27    and conducting foreclosure sales in its capacity as a foreclosure company.

28

5. All defendants, except FCI, are fractional owners of Promissory Note secured by a Construction Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filing ("Deed of Trust") encumbering real property described in paragraph 1.

6. Defendant THOMAS C. ADAMSON, III, Trustee of The Sharp Rees-Stealy Money Purchase Pension Plan, FBO Thomas C. Adamson, III, is now, and at all times relevant to this complaint was, a beneficiary under the deed of trust alleged in paragraph 1, whose residence is unknown to the Plaintiff.

7. INDEPENDENT RETURN FUND, LP, a Delaware Limited partnership, is now, and at all times relevant to this complaint was, a beneficiary under the deed of trust alleged in paragraph 1, whose residence is unknown to the Plaintiff.

8. CAROL BARRAD, Trustee of The Carol Barrad 1999 Trust dated April 16, 1999, is now, and at all times relevant to this complaint was, a beneficiary under the deed of trust alleged in paragraph 1, whose residence is unknown to the Plaintiff.

9. VICTORIA E. BIE, an individual, is now, and at all times relevant to this complaint was, a beneficiary under the deed of trust alleged in paragraph 1, whose residence is unknown to the Plaintiff.

10. MARK BONHAM, an individual, is now, and at all times relevant to this complaint was, a beneficiary under the deed of trust alleged in paragraph 1, whose residence is unknown to the Plaintiff.

11. SANDRA L. BONHAM, an individual, is now, and at all times relevant to this complaint was, a beneficiary under the deed of trust alleged in paragraph 1, whose residence is unknown to the Plaintiff.

12. CRAIG W. BRATLIEN and WINNIE BRATLIEN, Co-Trustees of The Craig W. Bratlien and Winnie Bratlien Family Trust, is now, and at all times relevant to this complaint was, a beneficiary under the deed of trust alleged in paragraph 1, whose residence is unknown to the Plaintiff.

13. FIRST REGIONAL BANK as Custodian FBO Eric P. Daniels IRA, is now, and at all

1    times relevant to this complaint was, a beneficiary under the deed of trust alleged in

2    paragraph 1, whose residence is unknown to the Plaintiff.

3    14.    MARC R. DUGGAN, as Trustee of The MRD Trust UTA dated October 11, 2001,

4    15.    ARTHUR E. ELDRIDGE, an individual, is now, and at all times relevant to this

5           complaint was, a beneficiary under the deed of trust alleged in paragraph 1, whose

6           residence is unknown to the Plaintiff.

7    16.    GAIL S. ELDRIDGE, an individual, is now, and at all times relevant to this complaint

8           was, a beneficiary under the deed of trust alleged in paragraph 1, whose residence is

9           unknown to the Plaintiff.

10   17.    FIRST REGIONAL BANK as Custodian FBO Carla Gerstein IRA,

11   18.    KAREN GREENBERG, an individual, is now, and at all times relevant to this complaint

12          was, a beneficiary under the deed of trust alleged in paragraph 1, whose residence is

13          unknown to the Plaintiff.

14   19.    LAUREN HAGGERTY, an individual, is now, and at all times relevant to this

15          complaint was, a beneficiary under the deed of trust alleged in paragraph 1, whose

16          residence is unknown to the Plaintiff.

17   20.    ARTHUR HOFFMAN, an individual, is now, and at all times relevant to this complaint

18          was, a beneficiary under the deed of trust alleged in paragraph 1, whose residence is

19          unknown to the Plaintiff.

20   21.    JODY HOFFMAN, an individual, is now, and at all times relevant to this complaint

21          was, a beneficiary under the deed of trust alleged in paragraph 1, whose residence is

22          unknown to the Plaintiff.

23   22.    JERRY E. JAGEMAN, an individual, is now, and at all times relevant to this complaint

24          was, a beneficiary under the deed of trust alleged in paragraph 1, whose residence is

25          unknown to the Plaintiff.

26   23.    NORBERT KAUFMAN, as Trustee of The Norbert Kaufman Family Trust UDT dated

27          October 6, 1992, is now, and at all times relevant to this complaint was, a beneficiary

28

1  under the deed of trust alleged in paragraph 1, whose residence is unknown to the

2  Plaintiff.

3  24.  GARY L. KRAMER, as Custodian for Seth M. Kramer, is now, and at all times relevant

4      to this complaint was, a beneficiary under the deed of trust alleged in paragraph 1, whose

5      residence is unknown to the Plaintiff.

6  25.  FIRST REGIONAL BANK as Custodian FBO Victor B. Kramer IRA,

7  26.  KAREL M. KRAMER, an individual, is now, and at all times relevant to this complaint

8      was, a beneficiary under the deed of trust alleged in paragraph 1, whose residence is

9      unknown to the Plaintiff.

10  27.  FISERV ISS & CO., Trustee, as Custodian FBO Faith J. Kramer IRA, is now, and at all

11      times relevant to this complaint was, a beneficiary under the deed of trust alleged in

12      paragraph 1, whose residence is unknown to the Plaintiff.

13  28.  FISERV ISS & CO., Trustee, as Custodian FBO Gary L. Kramer KEOGH, is now, and

14      at all times relevant to this complaint was, a beneficiary under the deed of trust alleged

15      in paragraph 1, whose residence is unknown to the Plaintiff.

16  29.  JEREMY KRAVETZ, an individual, is now, and at all times relevant to this complaint

17      was, a beneficiary under the deed of trust alleged in paragraph 1, whose residence is

18      unknown to the Plaintiff.

19  30.  FIRST REGIONAL BANK as Custodian FBO Shel Kulick IRA, is now, and at all times

20      relevant to this complaint was, a beneficiary under the deed of trust alleged in paragraph

21      1, whose residence is unknown to the Plaintiff.

22  31.  FIRST REGIONAL BANK as Custodian FBO Henry Mason IRA, is now, and at all

23      times relevant to this complaint was, a beneficiary under the deed of trust alleged in

24      paragraph 1, whose residence is unknown to the Plaintiff.

25  32.  JOHN L. MAY and MARISA MAY, as Co-Trustees of The May Family Trust dated

26      December 11, 2000, is now, and at all times relevant to this complaint was, a beneficiary

27      under the deed of trust alleged in paragraph 1, whose residence is unknown to the

28

1  Plaintiff.

2  33.  CINDY MORT as Trustee of The Cindy Mort Separate Property Trust, is now, and at all

3       times relevant to this complaint was, a beneficiary under the deed of trust alleged in

4       paragraph 1, whose residence is unknown to the Plaintiff.

5  34.  LOUIS NAVIAS, an individual, is now, and at all times relevant to this complaint was, a

6       beneficiary under the deed of trust alleged in paragraph 1, whose residence is unknown

7       to the Plaintiff.

8  35.  ARLENE NAVIAS, an individual, is now, and at all times relevant to this complaint

9       was, a beneficiary under the deed of trust alleged in paragraph 1, whose residence is

10      unknown to the Plaintiff.

11  36.  BOB NELSON, as Trustee of The Bob Nelson Associates, Inc. Retirement Trust, is now,

12       and at all times relevant to this complaint was, a beneficiary under the deed of trust

13       alleged in paragraph 1, whose residence is unknown to the Plaintiff.

14  37.  FIRST REGIONAL BANK, Custodian FBO Karen Nyman SEP-IRA, is now, and at all

15       times relevant to this complaint was, a beneficiary under the deed of trust alleged in

16       paragraph 1, whose residence is unknown to the Plaintiff.

17  38.  MARION OBERNDORFER, as Trustee of The Marion Oberndorfer Revocable Trust,

18       UDT dated December 30, 1986, is now, and at all times relevant to this complaint was, a

19       beneficiary under the deed of trust alleged in paragraph 1, whose residence is unknown

20       to the Plaintiff.

21  39.  LESTER C. PERSSON and VIRGINIA F. PERSSON as Trustees UDT dated 12-04-89,

22  40.  FIRST REGIONAL BANK, as Custodian FBO Robert Robertson IRA, is now, and at all

23       times relevant to this complaint was, a beneficiary under the deed of trust alleged in

24       paragraph 1, whose residence is unknown to the Plaintiff.

25  41.  MANOOCHEHR ROOHANIPUR and DOREEN RENEE ROOHANIPUR as General

26       Partners of The Roohanipur Family Limited Partnership, is now, and at all times relevant

27       to this complaint was, a beneficiary under the deed of trust alleged in paragraph 1, whose

28

1    residence is unknown to the Plaintiff.

2    42.   MANOOCHEHR ROOHANIPUR as Trustee of The M. Roohanipur, MD Pension

3          Trust, is now, and at all times relevant to this complaint was, a beneficiary under the

4          deed of trust alleged in paragraph 1, whose residence is unknown to the Plaintiff.

5    43.   JOE RUDERMAN, an individual, is now, and at all times relevant to this complaint

6          was, a beneficiary under the deed of trust alleged in paragraph 1, whose residence is

7          unknown to the Plaintiff.

8    44.   NAOMI RUDERMAN, an individual, is now, and at all times relevant to this complaint

9          was, a beneficiary under the deed of trust alleged in paragraph 1, whose residence is

10         unknown to the Plaintiff.

11   45.   EARL M. SAGEN and BARBARA J. SAGEN, as Trustees of The Sagen Family Trust

12         UDT dated March 30, 1987, is now, and at all times relevant to this complaint was, a

13         beneficiary under the deed of trust alleged in paragraph 1, whose residence is unknown

14         to the Plaintiff.

15   46.   FIRST REGIONAL BANK, Custodian FBO Earl M. Sagen IRA, is now, and at all times

16         relevant to this complaint was, a beneficiary under the deed of trust alleged in paragraph

17         1, whose residence is unknown to the Plaintiff.

18   47.   FREDERICK D. SALZER and SHIRLEY A. SALZER, as Trustees of The Salzer

19         Family Trust Dated March 26, 1987, is now, and at all times relevant to this complaint

20         was, a beneficiary under the deed of trust alleged in paragraph 1, whose residence is

21         unknown to the Plaintiff.

22   48.   NORMAN A. SIDLEY, an individual, is now, and at all times relevant to this complaint

23         was, a beneficiary under the deed of trust alleged in paragraph 1, whose residence is

24         unknown to the Plaintiff.

25   49.   MICHAEL R. STONE, an individual, is now, and at all times relevant to this complaint

26         was, a beneficiary under the deed of trust alleged in paragraph 1, whose residence is

27         unknown to the Plaintiff.

28

1    50.    KAREN M. STONE, an individual, is now, and at all times relevant to this complaint

2            was, a beneficiary under the deed of trust alleged in paragraph 1, whose residence is

3            unknown to the Plaintiff.

4    51.    FIRST REGIONAL BANK, as Custodian FBO Chris Sunderland SEP-IRA,

5    52.    SANFORD T. TRAVES and DEBORAH TRAVES, as Trustees of The Traves

6            Revocable Family Trust dated July 23, 1997, is now, and at all times relevant to this

7            complaint was, a beneficiary under the deed of trust alleged in paragraph 1, whose

8            residence is unknown to the Plaintiff.

9    53.    RANDE H. TURNER and MARGARET L. TURNER, as Co-Trustees of The Rande

10          and Margo Turner Trust UDT dated March 21, 1997, is now, and at all times relevant to

11          this complaint was, a beneficiary under the deed of trust alleged in paragraph 1, whose

12          residence is unknown to the Plaintiff.

13    54.    RICHARD HAROLD TURNER, an individual, is now, and at all times relevant to this

14          complaint was, a beneficiary under the deed of trust alleged in paragraph 1, whose

15          residence is unknown to the Plaintiff.

16    55.    RHEBA J. TURNER, an individual, is now, and at all times relevant to this complaint

17          was, a beneficiary under the deed of trust alleged in paragraph 1, whose residence is

18          unknown to the Plaintiff.

19    56.    ALAN L. VOGEL, as Trustee of The Alan L. Vogel Revocable Trust dated February 3,

20          1997, is now, and at all times relevant to this complaint was, a beneficiary under the

21          deed of trust alleged in paragraph 1, whose residence is unknown to the Plaintiff.

22    57.    LORNA WHITE, an individual, is now, and at all times relevant to this complaint was, a

23          beneficiary under the deed of trust alleged in paragraph 1, whose residence is unknown

24          to the Plaintiff.

25    58.    ZAGARA CARLSBAD, LLC, a California Limited Liability Company, is now, and at

26          all times relevant to this complaint was, a beneficiary under the deed of trust alleged in

27          paragraph 1, whose residence is unknown to the Plaintiff.

28

Gray v. Scripps
Complaint to Set Aside Trustee's Sale          Exhibit A to Notice of Removal
Case: 06-04206    Doc# 1    Filed: 08/17/06    Entered: 08/17/06 15:25:56    Page 13 of 22

1   59.   Plaintiff does not know the true names of defendants sued as Doe 1 through Doe 50.

2   60.   On or about January 30, 2004, plaintiff caused the execution and delivery to defendant

3         Scripps, a written promissory note.

4   61.   To secure payment of the principal sum and interest provided in the note and as part of

5         the same transaction, plaintiff caused the execution and delivery to defendant Scripps, as

6         beneficiary, a deed of trust, by the terms of which plaintiff, as legal representative of

7         trustor, conveyed to defendant Scripps, as trustee, real property described in paragraph 1.

8         On or about January 30, 2004, the deed of trust was recorded in Map Book No. 6 at page

9         44 of the Official Records of Alameda County, California.

10  62.   Plaintiff alleges on information and belief that, defendant Scripps caused to be recorded

11       a notice of default and election to sell in the Official Records of Alameda County,

12       California, alleging that (a) a breach of the obligation secured by the deed of trust had

13       occurred, consisting of plaintiff's alleged failure to pay certain monthly installments of

14       principal and interest, and (b) defendant beneficiary elected to sell, or cause to be sold,

15       the trust property to satisfy that obligation.

16  63.   Plaintiff alleges on information and belief that, defendant beneficiary and defendant

17       trustee failed to publish and post, on the real property described in paragraph 1 certain

18       notices of their intent to sell at public auction at 12 p.m. on May 26, 2006, at City Hall

19       on Frank Ogawa Plaza, in the City of Oakland, Alameda County, California, purported

20       to satisfy the obligation, and under the power of sale in the deed of trust.  Defendant

21       trustee attempted and purported to sell the trust property although it was not properly

22       noticed, accepted inadequate consideration from defendant Scripps, and then executed

23       and delivered or caused to be executed and delivered, at trustee's deed to defendant

24       Scripps.

25  64.   The sale was improperly held and the trustee's deed wrongfully executed, delivered, and

26       recorded in that there was no breach of the obligation by plaintiff and that any alleged

27       breach was solely caused by defendant Scripps unilateral actions taken in bad faith to

28

Gray v. Scripps
Complaint to Set Aside Trustee's Sale                             Exhibit A to Notice of Removal
Case: 06-04206   Doc# 1   Filed: 08/17/06   Entered: 08/17/06 15:25:56   Page 14 of 22

1  cause the plaintiff to be unable to satisfy conditions of the construction, such as

2  insurance and bonding, which were wholly known to plaintiff Scripps at the time of the

3  execution of the promissory note, invalid pre-sale procedures, improper sale procedures,

4  irregularities in the sale, and bad faith conduct on the part of the defendant Scripps and

5  defendant FCI in proceeding with the sale in light of actual and undisputed notice from

6  the chambers of the Honorable Leslie Tchaikovsky of the Northern District of California

7  Bankruptcy Court that such sale was to be stayed pending further hearing by the

8  Bankruptcy Court.  These actions and procedures were conducted in violation of trust

9  and in violation of the duties and obligations of good faith and fair dealing by defendant

10  beneficiary and defendant trustee to plaintiff, all to plaintiff's loss and damage in that

11  plaintiff has been wrongfully deprived of the beneficial use and enjoyment of the real

12  property and has been deprived of legal title by forfeiture and has incurred a substantial

13  deficiency owing due to the lack of notice to other parties of the sale and due to

14  concealment and lack of prior notice of the actual credit bid intended by defendant

15  Scripps.

16  65.  Plaintiff has entered into forbearance agreements in order to extend the time to develop

17  the real property and paid consideration to stave off a foreclosure.  The forbearance

18  agreements, as well as the promissory note, have implied covenants of good faith and

19  fair dealing.  The actions taken by defendants subsequent to any forbearance agreement

20  breached the implied covenants of good faith and fair dealing.

21  66.  Plaintiff has tendered and continues to tender to defendant beneficiary or defendant

22  trustee all amounts paid in sale as representing all amounts due and owing so that the

23  claimed default may be cured and plaintiff may be reinstated to all his former rights and

24  privileges under the promissory note and deed of trust.  Plaintiff also stands ready,

25  willing, and able to tender those sums, if any, that the Court finds due and owing on

26  rendering the accounting requested in the Fourth Cause of Action in this complaint.

27

28

## SECOND CAUSE OF ACTION
### [To cancel trustee's deed]

67. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 66.

68. Defendant Scripps claims an estate or interest in the real property described in paragraph 1 adverse to that of plaintiff, but defendant's claims are without any right; defendant has no estate, right, title, or interest in the real property.

69. The claims of defendant Scripps are based on the trustee's deed purporting to have been executed by defendant FCI, and delivered to defendant Scripps, and purporting to convey the property to defendant Scripps.

70. Although the trustee's deed may appear valid on its face, it is invalid, void and/or voidable, and of no force or effect regarding plaintiff's interests in the real property described above, for the reasons set forth in paragraph 64.

71. The interest in the described real property claimed by defendant Scripps based on the trustee's deed, is a cloud on plaintiff's title in and to the real property, tends to depreciate its market value, restricts plaintiff's full use and enjoyment of the real property, and hinders plaintiff's right to unrestricted alienation of it. If the trustee's deed is not delivered and canceled, there is a reasonable fear that plaintiff will suffer serious injury.

## THIRD CAUSE OF ACTION
### [To quiet title]

72. Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through 71.

73. Plaintiff seeks to quiet title against any and all interests claimed by defendant Scripps as an indirect or direct consequence of the wrongful sale, including any rights to the full use and enjoyment of the real property, including but not limited to any construction, removal of concrete, framing, removal or alteration of any sewer pipes and drainage, any purported rights to unrestricted alienation of the real property, any deficiencies claimed as a result of such wrongful sale, and any rights to create and record interests in the real

Gray v. Scripps
Complaint to Set Aside Trustee's Sale
Exhibit A to Notice of Removal
Case: 06-04206   Doc# 1   Filed: 08/17/06   Entered: 08/17/06 15:25:56   Page 16 of 22
12

1    property such as to allow defendant Scripps to obtain, supercede, or interfere in any

2    manner with any and all permits, entitlements, or rights obtained by plaintiff with respect

3    to the real property.

4    74.  Plaintiff names as defendants in this action all persons unknown, claiming (a) any legal

5    or equitable right, title, estate, lien, or interest in the property described in the complaint

6    adverse to plaintiff's title, or (b) any cloud on plaintiff's title to the property.  The claims

7    of each unknown defendant are without any right, in the property described in paragraph

8    1.

9    75.  Plaintiff desires and is entitled to a judicial declaration quieting title in plaintiff as of

10   May 26, 2006 and restoring possession to plaintiff.

11                              FOURTH CAUSE OF ACTION
                                      [Accounting]
12   76.  Plaintiff realleges and incorporates by reference the allegations in paragraphs 1 through

13   75.

14   77.  The amount of money still due and owing to defendant Scripps is unknown to plaintiff

15   and cannot be determined without an accounting.

16   78.  WHEREFORE, plaintiffs demand judgment as follows:

17        1.    That the Court issue (a) declaration that the sale of the trust property is null and

18              void and of no force or effect, and (b) an order setting aside the trustee's sale of

19              the real property.

20        2.    That the Court (a) issue an order the defendant Scripps deliver the trustee's deed

21              to the Court, and (b) cancel the trustee's deed.

22        3,    That the Court order judgment quieting title in plaintiff Action Development,

23              LLC as owner of the real property described in paragraph 1, declaring that

24              defendant Scripps has no right, title, estate, lien, or interest in the property

25              adverse to plaintiff.

26        4.    That the Court render an accounting between plaintiff Michael Gray, Action

27              Development, LLC and defendant Scripps determining the amount, if any,

28

1    actually due and owing from plaintiff to defendant Scripps.

2    5.    That the Court award damages for the unlawful detention of the premises at the

3          current market per month from May 26, 2006, until delivery of possession to

4          plaintiffs.

5    6.    The Court award punitive damages for the bad faith conduct in the breaches of

6          the implied covenants of good faith and fair dealing with respect to the guaranty

7          agreements, including, but not limited to any and all forbearance agreements.

8    6.    That plaintiffs recover their attorneys' fees and costs in this action, and that the

9          Court award all other appropriate relief.

10

11   Dated: July 12, 2006                          LAW OFFICES OF CYNTHIA COX

12

13                                                  By:_____
                                                        CYNTHIA L. COX
14                                                      Attorney for Plaintiffs

15

16

17

18

19

20

21

22

23

24

25

26

27

28

2006272880    07/13/2006 12:25 PM
OFFICIAL RECORDS OF ALAMEDA COUNTY
PATRICK O'CONNELL
RECORDING FEE:    25.00

4    PGS

1  **Recording requested by and
   when recorded mail to:**

2  **CYNTHIA L. COX, Bar No. 168112**

3  Attorney at Law
   1212 Broadway, Suite 1400

4  Oakland, California  94612

5  Telephone:    (510) 251-8300
   Facsimile:    (510) 836-5523

6
   Attorney for Plaintiffs

7

8                 SUPERIOR COURT OF CALIFORNIA

9                     COUNTY OF ALAMEDA

10

11  MICHAEL GRAY, an individual and          Case No. **RG 06 279023**
    ACTION DEVELOPMENT, LLC., a
12  California limited liability company,     NOTICE OF
    DEVELOPMENT, LLC.,                        ACTION PENDING

13
         Plaintiffs,
14
    vs.
15
    SCRIPPS INVESTMENTS & LOANS,
16  INC., a California corporation, FORECLOSURE
    CONSULTANT, INC., a California Corporation,
17  THOMAS C. ADAMSON, III, Trustee
    of The Sharp Rees-Stealy Money Purchase
18  Pension Plan, FBO Thomas C. Adamson, III,
    INDEPENDENT RETURN FUND, LP, a
19  Delaware Limited partnership, CAROL BARRAD,
    Trustee of The Carol Barrad 1999 Trust dated
20  April 16, 1999, VICTORIA E. BIE, an individual,
    MARK BONHAM, an individual, SANDRA L.
21  BONHAM, an individual, CRAIG W. BRATLIEN
    and WINNIE BRATLIEN, Co-Trustees of The
22  Craig W. Bratlien and Winnie Bratlien Family
    Trust, FIRST REGIONAL BANK as Custodian
23  FBO Eric P. Daniels IRA, MARC R. DUGGAN,
    as Trustee of The MRD Trust UTA dated October
24  11, 2001, ARTHUR E. ELDRIDGE, an individual,
    GAIL S. ELDRIDGE, an individual, FIRST
25  REGIONAL BANK as Custodian FBO Carla Gerstein
    IRA, KAREN GREENBERG, an individual, LAUREN
26  HAGGERTY, an individual, ARTHUR HOFFMAN, an
    individual, JODY HOFFMAN, an individual, JERRY
27  E. JAGEMAN, an individual, NORBERT KAUFMAN,
    as Trustee of The Norbert Kaufman Family Trust UDT
28  dated October 6, 1992, GARY L. KRAMER, as

Gray v. Scripps                                    Exhibit A to Notice of Removal
Notice of Action Pending

1 | Custodian for Seth M. Kramer, FIRST REGIONAL
BANK as Custodian FBO Victor B. Kramer IRA,
2 | KAREL M. KRAMER, an individual, FISERV ISS
& CO., Trustee, as Custodian FBO Faith J. Kramer IRA,
3 | FISERV ISS & CO., Trustee, as Custodian FBO Gary L.
Kramer KEOGH, JEREMY KRAVETZ, an individual,
4 | FIRST REGIONAL BANK as Custodian FBO Shel Kulick
IRA, FIRST REGIONAL BANK as Custodian FBO Henry
5 | Mason IRA, JOHN L. MAY and MARISA MAY, as
Co-Trustees of The May Family Trust dated December
6 | 11, 2000, CINDY MORT as Trustee of The Cindy Mort
Separate Property Trust, LOUIS NAVIAS, an individual,
7 | ARLENE NAVIAS, an individual, BOB NELSON, as
Trustee of The Bob Nelson Associates, Inc. Retirement
8 | Trust, FIRST REGIONAL BANK, Custodian FBO Karen
Nyman SEP-IRA, MARION OBERNDORFER, as Trustee
9 | of The Marion Oberndorfer Revocable Trust, UDT dated
December 30, 1986, LESTER C. PERSSON and VIRGINIA
10 | F. PERSSON as Trustees UDT dated 12-04-89, FIRST
REGIONAL BANK, as Custodian FBO Robert Robertson
11 | IRA, MANOOCHEHR ROOHANIPUR and DOREEN
RENEE ROOHANIPUR as General Partners of The
12 | Roohanipur Family Limited Partnership, MANOOCHEHR
ROOHANIPUR as Trustee of The M. Roohanipur, MD
13 | Pension Trust, JOE RUDERMAN, an individual, NAOMI
RUDERMAN, an individual, EARL M. SAGEN and
14 | BARBARA J. SAGEN, as Trustees of The Sagen Family
Trust UDT dated March 30, 1987, FIRST REGIONAL
15 | BANK, Custodian FBO Earl M. Sagen IRA, FREDERICK
D. SALZER and SHIRLEY A. SALZER, as Trustees of
16 | The Salzer Family Trust Dated March 26, 1987, NORMAN
A. SIDLEY, an individual, MICHAEL R. STONE, an
17 | individual, KAREN M. STONE, an individual, FIRST
REGIONAL BANK, as Custodian FBO Chris Sunderland
18 | SEP-IRA, SANFORD T. TRAVES and DEBORAH TRAVES,
as Trustees of The Traves Revocable Family Trust dated July
19 | 23, 1997, RANDE H. TURNER and MARGARET L.
TURNER, as Co-Trustees of The Rande and Margo Turner
20 | Trust UDT dated March 21, 1997, RICHARD HAROLD
TURNER, an individual, RHEBA J. TURNER, an individual,
21 | ALAN L. VOGEL, as Trustee of The Alan L. Vogel Revocable
Trust dated February 3, 1997, LORNA WHITE, an individual,
22 | ZAGARA CARLSBAD, LLC, a California Limited Liability
Company, and DOES 1 through 50, inclusive,
23 |
      Defendants.
24 | _____ /

25 |     NOTICE IS HEREBY GIVEN that the above-entitled civil action (the "action") was

26 | commenced on or about July 12, 2006, and now pending in the above-entitled Court and

27 | concerns claims as between, on the one hand, MICHAEL GRAY, an individual, and ACTION

28 | DEVELOPMENT, LLC, a California limited liability company, and on the other hand,

Gray v. Scripps
Notice of Action Pending

Exhibit A to Notice of Removal

Case: 06-04206    Doc# 1    Filed: 08/17/06    Entered: 08/17/06 15:25:56    Page 20 of 22

1  SCRIPPS INVESTMENTS & LOANS, INC., a California corporation, THOMAS C.

2  ADAMSON, III, Trustee of The Sharp Rees-Stealy Money Purchase Pension Plan, FBO

3  Thomas C. Adamson, III, INDEPENDENT RETURN FUND, LP, a Delaware Limited

4  partnership, CAROL BARRAD, Trustee of The Carol Barrad 1999 Trust dated April 16, 1999,

5  VICTORIA E. BIE, an individual, MARK BONHAM, an individual, SANDRA L. BONHAM,

6  an individual, CRAIG W. BRATLIEN and WINNIE BRATLIEN, Co-Trustees of The Craig W.

7  Bratlien and Winnie Bratlien Family Trust, FIRST REGIONAL BANK as Custodian FBO Eric

8  P. Daniels IRA, MARC R. DUGGAN, as Trustee of The MRD Trust UTA dated October 11,

9  2001, ARTHUR E. ELDRIDGE, an individual, GAIL S. ELDRIDGE, an individual, FIRST

10  REGIONAL BANK as Custodian FBO Carla Gerstein IRA, KAREN GREENBERG, an

11  individual, LAUREN HAGGERTY, an individual, ARTHUR HOFFMAN, an individual, JODY

12  HOFFMAN, an individual, JERRY E. JAGEMAN, an individual, NORBERT KAUFMAN,

13  as Trustee of The Norbert Kaufman Family Trust UDT dated October 6, 1992, GARY L.

14  KRAMER, as Custodian for Seth M. Kramer, FIRST REGIONAL BANK as Custodian FBO

15  Victor B. Kramer IRA, KAREL M. KRAMER, an individual, FISERV ISS & CO., Trustee, as

16  Custodian FBO Faith J. Kramer IRA, FISERV ISS & CO., Trustee, as Custodian FBO Gary L.

17  Kramer KEOGH, JEREMY KRAVETZ, an individual, FIRST REGIONAL BANK as

18  Custodian FBO Shel Kulick IRA, FIRST REGIONAL BANK as Custodian FBO Henry

19  Mason IRA, JOHN L. MAY and MARISA MAY, as Co-Trustees of The May Family Trust

20  dated December 11, 2000, CINDY MORT as Trustee of The Cindy Mort Separate Property

21  Trust, LOUIS NAVIAS, an individual, ARLENE NAVIAS, an individual, BOB NELSON, as

22  Trustee of The Bob Nelson Associates, Inc. Retirement Trust, FIRST REGIONAL BANK,

23  Custodian FBO Karen Nyman SEP-IRA, MARION OBERNDORFER, as Trustee of The

24  Marion Oberndorfer Revocable Trust, UDT dated December 30, 1986, LESTER C. PERSSON

25  and VIRGINIA F. PERSSON as Trustees UDT dated 12-04-89, FIRST REGIONAL BANK, as

26  Custodian FBO Robert Robertson IRA, MANOOCHEHR ROOHANIPUR and DOREEN

27  RENEE ROOHANIPUR as General Partners of The Roohanipur Family Limited Partnership,

28  MANOOCHEHR ROOHANIPUR as Trustee of The M. Roohanipur, MD Pension Trust, JOE

---

Gray v. Scripps
Notice of Action Pending

3

Exhibit A to Notice of Removal
Case: 06-04206   Doc# 1   Filed: 08/17/06   Entered: 08/17/06 15:25:56   Page 21 of 22

1 RUDERMAN, an individual, NAOMI RUDERMAN, an individual, EARL M. SAGEN and

2 BARBARA J. SAGEN, as Trustees of The Sagen Family Trust UDT dated March 30, 1987,

3 FIRST REGIONAL BANK, Custodian FBO Earl M. Sagen IRA, FREDERICK D. SALZER

4 and SHIRLEY A. SALZER, as Trustees of The Salzer Family Trust Dated March 26, 1987,

5 NORMAN A. SIDLEY, an individual, MICHAEL R. STONE, an individual, KAREN M.

6 STONE, an individual, FIRST REGIONAL BANK, as Custodian FBO Chris Sunderland

7 SEP-IRA, SANFORD T. TRAVES and DEBORAH TRAVES, as Trustees of The Traves

8 Revocable Family Trust dated July 23, 1997, RANDE H. TURNER and MARGARET L.

9 TURNER, as Co-Trustees of The Rande and Margo Turner Trust UDT dated March 21, 1997,

10 RICHARD HAROLD TURNER, an individual, RHEBA J. TURNER, an individual, ALAN L.

11 VOGEL, as Trustee of The Alan L. Vogel Revocable Trust dated February 3, 1997, LORNA

12 WHITE, an individual, ZAGARA CARLSBAD, LLC, a California Limited Liability Company.

13　　　　The action alleges a real property claim affecting title to or the right to possession of

14 certain real property situated in Alameda County, California. Such real property is described as

15 follows: Real property commonly known as 601 MacArthur Boulevard, Oakland, Alameda

16 County, California, more particularly described as follows:

17　　　　　　"Lots 5, 6 and 7, Block 1, Lakemont, in the City of Oakland, County of Alameda,

18　　　　　　State of California, filed September 14, 1920 in Map Book 6, Page 44 of Alameda

19　　　　　　County Records. Assessor's Parcel Numbers: 023-0427-001, 023-0427-002, and

20　　　　　　023-0427-008-03."

21　　　　Plaintiff, in such action, disputes defendants' right to foreclose under a Construction

22 Deed of Trust, recorded on or about January 30, 2004, as Instrument No. 2004039348, in the

23 Official Records of the Alameda County Recorder, and requests the Court to set aside the

24 Trustee's Sale. This notice of pending action is being recorded and filed pursuant to Code of

25 Civil Procedure Sections 405, et seq.

26　　　　Dated: July 12, 2006　　　　　　　　LAW OFFICES OF CYNTHIA COX

27　　　　　　　　　　　　　　　　　　　By:＿＿＿＿＿＿＿＿＿＿＿＿＿＿

28　　　　　　　　　　　　　　　　　　　　CYNTHIA L. COX,
　　　　　　　　　　　　　　　　　　　　Attorney for Plaintiffs